State *v.* Calligan.

---

## THE STATE *v.* CALLIGAN.

An assault, with an intent to commit manslaughter, is a crime described by the Revised Statutes, chapter 214, section 8.

INDICTMENT, alleging that the respondent, on the 10th of November, A. D. 1844, at Dover, with force, &c., made an assault on Alexander H. Prime, with a certain open dangerous knife, which he, the said Michael Calligan, otherwise called Michael Galligan, then and there had and held, and did strike, shove and stab the said Alexander H. Prime, with said knife, in and upon his hip, hand, and divers parts of his body, inflicting divers deep and dangerous wounds thereby, with an intention, him, the

State v. Calligan.

said Alexander H. Prime, then and there, with the dangerous open knife aforesaid, to kill and murder.

The court charged the jury that the indictment comprehended three offences, to wit: an assault with intent to commit murder, an assault with intent to commit manslaughter, and an assault only, and that if they were satisfied that the defendant committed an assault upon Prime, they were to inquire as to the intent.

If they were satisfied he intended to kill under circumstances that the offence would have been murder if death had ensued, they ought to find him guilty generally; but that if he intended to kill under circumstances which would, in case of death, have constituted manslaughter, they might find him guilty of an assault with that intent; but if they had reasonable doubts whether he intended to kill Prime, they might find him guilty of an assault only.

The jury returned a verdict that the respondent was guilty of an assault with intent to commit manslaughter, and the respondent excepted to the instructions, and moved for a new trial, and also in arrest of judgment.

*Marston*, with whom was *Christie*, insisted that an assault with intent to commit manslaughter was not a crime at common law, or by the statute; for that an attempt to commit an unjustifiable homicide must be an attempt to commit murder. Homicide, intentionally committed, is murder, unless justifiable.

*Walker*, Attorney-General, for the State.

Woods, J. The Revised Statutes, chap. 214, sec. 4, denominate the crime of manslaughter, and prescribe the punishment, but do not define the offence. It is homicide without the ingredient of malice that raises it to the degree of murder, and without the attendance of circumstances that justify or excuse the act. It takes place

---
State *v.* Callgan.
---

where death ensues from causes not obviously adequate to produce it, and against the will of the author of it; or even where death is contemplated, and means obviously adequate to cause it are used by the guilty party, but upon provocation, so sudden and intense, and in the heat of passion so blind, that legal malice is not imputed, and in fact, being the result of deliberation, cannot exist.

The difficulty of distinguishing this particular phase of homicide from the two others between which it lies, and into which it almost insensibly shades, is admitted by the writers, and recourse is had to examples to illustrate the crime in its various forms. Of these, there are several to be found in the books, which show that manslaughter, the intermediate form of homicide, may be voluntarily committed, and may directly follow the act of the offender, performed with a special purpose of committing the crime. For though the act is done in the heat of passion, so sudden and intense as to render him regardless of its remoter consequences, there is yet the clear evidence of a mind intent upon the accomplishment of the homicide as its immediate object. One of these is *Rex* v. *Taylor*, 5 Bur. 2793, in which the defendant, enraged by repeated assaults which the deceased made upon his person, drew his sword and stabbed him. So it is said if a man find another in the act of adultery with his wife, and suddenly, in the first transport of passion, kills him, he will be guilty of manslaughter only. 3 Chit. Cr. L. 732. So in *Palmer's Case*, 1 East C. L. 244, where, in a quarrel, one stabbed another with a knife. Other cases are given by the same authorities, which clearly show that the crime of manslaughter may be intentionally committed.

By the 8th section of the 214th chapter of the Revised Statutes it is provided, that if any person shall make an assault upon another with an intent to commit any crime described in this chapter, the punishment whereof shall

be death, or confinement to hard labor for life, &c., he shall be punished as is in that section provided.

The jury found the respondent guilty of an assault with an intent to commit manslaughter, which is one of the crimes described in that chapter; for the word manslaughter, being a technical word of a known legal import, is a description of the crime. There is, therefore, no impediment to rendering a judgment upon the verdict. The only objection urged appearing not to be well founded, there must be

*Judgment on the verdict.*